IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| BRANDON JENSEN and REBECCA JENSEN,<br><br>    Plaintiffs,<br><br>v.<br><br>CRETE CARRIER CORPORATION and MICHAEL BEALE,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER ON SEVEN MOTIONS IN LIMINE**<br><br>Case No. 1:23-cv-00105-TC-JCB<br><br>Judge Tena Campbell<br>Magistrate Judge Jared C. Bennett |

Before the court are 17 motions in limine that the parties filed in advance of a 7-day jury trial that began on November 10, 2025.[1] The court issued a preliminary ruling on these motions (Order, Oct. 31, 2025, ECF No. 125) and heard objections to that ruling and other argument on the pending motions at the final pretrial conference on November 4, 2025. (Min. Entry, Nov. 4, 2025, ECF No. 133.) The court now issues a final ruling on seven of these motions.

I.   Motions Related to Expert Testimony

First, the court takes under advisement the following motions: 1) the Plaintiffs' motion to exclude certain testimony from Dr. Jubal Hamernik (ECF No. 46); 2) the Plaintiffs' motion to exclude speculative evidence about cellphone use (ECF No. 47); 3) the Plaintiffs' motion to exclude certain testimony about the Utah Driver Handbook (ECF No. 48); 4) the Plaintiffs'

---

[1] The Defendants filed an eighteenth motion shortly before the final pretrial conference. (See ECF No. 124.) The court issued an opinion denying that motion in part on the first day of trial. (Order, Nov. 10, 2025, ECF No. 140.)

1

motion to exclude speculative evidence about Plaintiff Brandon Jensen's injuries if the semi-truck had been moving (ECF No. 49); 5) the Defendants' motion to exclude seven videos relied on by Dr. Jay Przybyla (ECF No. 57); 6) the Defendants' motion to exclude testimony from Larry Baareman (ECF No. 59); 7) the Defendants' motion to exclude Dr. Przybyla's opinions about the time required for Mr. Jensen to stop (ECF No. 60); 8) the Defendants' motion to exclude testimony from Dr. David Curry (ECF No. 61); 9) the Plaintiffs' motion to exclude evidence about negligent employment[2] (ECF No. 65); and 10) the Defendants' motion to exclude Dr. Przybyla's reconstruction simulations (ECF No. 68).

    The court finds no reason to exclude any of the parties' proposed experts for lack of qualifications. But the court will conduct voir dire of each expert outside the presence of the jury to ensure that the scope of their testimony complies with Rules 702 and 703 of the Federal Rules of Evidence. The court reiterates the guidance it provided in its preliminary ruling and notes that the court is inclined to allow all accident reconstruction testimony that is the product of reliable methodology. It is helpful for the jury to hear expert testimony about perception, reaction, and stopping times. Assumptions about the weight of the truck, the time it took the truck to turn, and the distance Mr. Jensen was from the truck at the start of the turn are factual questions that can be explored on cross-examination and generally go to the weight and not the admissibility of the parties' accident reconstructions.

    The court is more skeptical about testimony from the parties' human factors experts but will allow this testimony to the extent that it is based on reliable methodology and not simply logical inferences that invade the fact-finding province of the jury. Similarly, the court will

---

[2] Although labeled as a motion to exclude evidence about negligent employment, this motion seeks to exclude the testimony of Ronald Ashby, the Defendants' rebuttal expert in the field of trucking.

conduct voir dire of Larry Baareman and Ronald Ashby to ensure that their testimony is helpful for the jury and not simply a recitation of applicable trucking regulations.

II.  **Motion to Exclude Evidence of Collateral Sources (ECF No. 53)**

The Plaintiffs move to exclude evidence of collateral sources, including evidence of health insurance and wage replacement payments.  Utah courts have adopted the collateral source rule,[3] under which tortfeasors are "not entitled to have damages, for which [they are] liable, reduced by proof that the plaintiff has received or will receive compensation or indemnity for the loss from an independent collateral source."  Gibbs M. Smith, Inc. v. U.S. Fid. & Guar. Co., 949 P.2d 337, 345 (Utah 1997) (cleaned up).  Accordingly, the court grants the Plaintiffs' motion.

The Defendants ask for an exception from this rule to introduce evidence of medical liens as impeachment evidence to demonstrate that medical providers may bias their testimony in favor of a larger recovery for Mr. Jensen.  (Defs.' Resp. Mot. Limine re: Collateral Sources, ECF No. 77 at 2.)  But as the Plaintiffs note, the Defendants have not pointed to any providers who provided care on a medical lien.  The Defendants have therefore failed to demonstrate any facts that would justify an exception to the collateral source rule.

III.  **Motion to Exclude Evidence of Unrelated Accidents (ECF No. 54)**

The Plaintiffs move to exclude evidence of two accidents in which Mr. Jensen was involved.  The first occurred when Mr. Jensen was a teenager and involved a minor fender bender.  In the second, which occurred the year before the events at issue in this lawsuit, another driver bumped into Mr. Jensen's rear bumper when he was stopped at a stoplight.  Neither

---

[3] The Utah Legislature has altered this common law rule for medical malpractice claims, which are not at issue here.  See generally Utah Code Ann. § 78B-3-405.

accident involved injuries.

The Defendants do not contest the motion, and the court agrees that any evidence of the unrelated accidents is not relevant and therefore inadmissible. Accordingly, the court grants the motion.

IV.    **Motion to Exclude Evidence of Lost Salaries or Wages (ECF No. 55)**

The Plaintiffs move to exclude any reference to the Plaintiffs' lost salaries or wages. At the time of the accident, Mr. Jensen was working as an estimator and salesperson for Croft Fireplace and Mrs. Jensen was working as a high school teacher. They estimate that, collectively, they lost approximately $20,000 due to missed work after the accident. But the Plaintiffs are not seeking to recover any damages for lost employment. As a result, the court agrees that any evidence of the Plaintiffs' lost salaries or wages is inadmissible.

The Defendants argue that this evidence may be relevant to the jury's assessment of noneconomic damages. To determine these damages, the jury may consider whether the Jensens "have been prevented from pursuing their ordinary affairs" and whether they "have been limited in the enjoyment of life[.]" (See Stip. Jury Instructions, ECF No. 131 at 31.) But the Defendants may question the Jensens about their ability to maintain employment without introducing any evidence of the remuneration the Jensens receive for that employment.

For these reasons, the court grants the motion.

V.    **Motion to Exclude Evidence of Liability Insurance (ECF No. 56)**

The Defendants move to exclude any evidence that the Defendants were insured at the time of the accident. Under Rule 411 of the Federal Rules of Evidence, "[e]vidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully."

The Plaintiffs object that this evidence should be admissible to prove that Defendant Crete Carrier Corporation (Crete Carrier) had agency or control over Defendant Michael Beale. But the Defendants have stipulated that Mr. Beale was acting within the scope and course of his employment and that Crete Carrier is vicariously liable for his acts. Accordingly, there is no need to introduce evidence that Crete Carrier had control over Mr. Beale.

The Plaintiffs also maintain that this evidence should be admissible to rebut other evidence suggesting that any judgment against the Defendants would pose a hardship. But the Defendants do not plan to introduce such evidence, so the Plaintiffs' objection is moot.

For these reasons, the court grants the motion.

### VI. Motion to Exclude Evidence of Previous Accidents (ECF No. 62)

The Defendants move to exclude evidence that Mr. Beale was involved in two prior accidents. In one, he was rear-ended while traveling; in the other, he was hit while in a parking lot. Similar to the minor incidents in which Mr. Jensen was previously involved, the court agrees that such accidents appear to be wholly unrelated and dissimilar. Because this evidence is therefore irrelevant, the court grants the motion.

### VII. Motion to Exclude Evidence of Citation and Plea in Abeyance (ECF No. 63)

The Defendants move to exclude evidence that Mr. Beale was issued a traffic citation as a result of the accident and subsequently entered a plea in abeyance. Under Utah law, a plea in abeyance is "an order by a court … accepting a plea of guilty or of no contest from the defendant but not, at that time, entering judgment of conviction against the defendant nor imposing sentence upon the defendant on condition that the defendant comply with specific conditions as set forth in a plea in abeyance agreement." Utah Code Ann. § 77-2a-1. And under Rule 410 of the Federal Rules of Evidence, evidence of either "a guilty plea that was later withdrawn" or a

"nolo contendere plea" (i.e., a no contest plea) is inadmissible. Because Mr. Beale's citation was later dismissed with prejudice, the court agrees that evidence of his plea in abeyance is not admissible.

The court also agrees that the unfair prejudice caused by introducing evidence of Mr. Beale's citation without an explanation of his plea in abeyance would substantially outweigh any probative value of that evidence. The Plaintiffs suggest that the Defendants may open the door to this evidence by introducing video of a police officer who responded to the accident and stated that Mr. Beale would not be cited. But because the Defendants do not plan to introduce this evidence, the point is moot.

Accordingly, the court grants the motion.

### VIII. Motion to Exclude Certain Evidence about Crete Carrier (ECF No. 78)

The Defendants move to exclude evidence of the following: 1) Mr. Beale's employment termination; 2) Crete Carrier's malfunctioning security cameras; 3) Crete Carrier's assignment of points to drivers; 4) Mr. Beale's sleep apnea or studies; 5) the lack of a dash camera installed on Mr. Beale's truck; and 6) the size of Crete Carrier's company.

The court agrees that Crete Carrier's points system falls on the side of a remedial measure and that the potential prejudicial impact of the other evidence outweighs any probative value. See Fed. R. Evid. 403.

The Plaintiffs have not explained why Mr. Beale's current employment status is relevant but only object that it would be unduly restrictive to limit this evidence. Because the court finds that the information is not relevant, it is excluded.

Similarly, the court finds no reason to allow testimony about the size of Crete Carrier's company. The jurors will understand from the pictures of the accident scene that Crete Carrier

owns a large terminal in Salt Lake City and employs many drivers. Unless the Plaintiffs can explain why the exact number of drivers is probative, the court finds no reason to allow this testimony. General information about the identity of the Defendant is permissible, but the court will not admit testimony if it finds that such evidence is intended to suggest that Crete Carrier is a wealthy company that would not suffer from a large judgment against it.

The Plaintiffs have not objected to the exclusion of information about Mr. Beale's sleep apnea and so this aspect of the Defendants' motion is granted.

The Plaintiffs do object to the Defendants' request to bar evidence concerning the lack of a dash camera on Mr. Beale's truck or the malfunctioning security cameras at the Crete Carrier terminal. The court is not persuaded by the Plaintiffs' objections. First, there is no reason why Mr. Beale would ordinarily have had a dash camera, as he was not a new driver and had not had a recent safety incident. (See Dep. Matthew Divito, ECF No. 104-2 at 79:14–23.)

Second, the Plaintiffs have not presented any evidence of bad faith discovery responses or other foul play, such as evidence that the surveillance cameras were working directly before or after the accident. Instead, Crete Carrier's representative testified that several cameras were malfunctioning and that it took the company several months to order and install new cameras. (Id. at 20:21–21:5.)

The court has carefully considered the state court opinion cited by the Plaintiffs. See Griffin v. Prairie Dog Ltd. P'ship, 133 N.E.3d 15, 32 (Ill. App. Ct. 2019). The Illinois appellate court noted that because a missing video was within the defendant's control, the defendant should be required to explain why the equipment was malfunctioning. Id. But that case specifically involved a security incident at a bar, in which the plaintiff claimed that the bar had negligently hired and trained its security personnel. Id. at 19. Here, Crete Carrier's security

cameras were not designed to monitor accidents at the entrance to the terminal, but to secure the property. And the Plaintiffs have cited no law requiring a private company to maintain functioning security cameras.

The Plaintiffs may ask Crete Carrier's representative if there is any video footage of the event, but the court finds that any reference to the malfunctioning security cameras has little probative value and would only serve to suggest that Crete Carrier had purposely destroyed this footage. To avoid this prejudice, the court grants the Defendants' motion to exclude this evidence.

Finally, the court finds that Crete Carrier's assignment of points to drivers falls on the side of a remedial measure that the company undertook to ensure that its drivers operated their trucks safely. Crete Carrier's representative testified that Crete Carrier would assign points to its drivers for a variety of reasons, and that positive points were considered bad and negative points were considered good. (Divito Dep. 55:6–67:3.) Crete Carrier assigned Mr. Beale 22 points for the accident involving Mr. Jensen. (Dep. Michael Beale, ECF No. 78-1 at 71:20–72:3.)

Under Rule 407 of the Federal Rules of Evidence, "[w]hen measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible" to prove negligence. "The justification for Rule 407 is twofold. First, as an admission of fault, the probative value of subsequent remedial measures is limited. Second, exclusion is important to foster a social policy of encouraging people to take steps in furtherance of added safety." Hull v. Chevron U.S.A., Inc., 812 F.2d 584, 587 (10th Cir. 1987).

The Plaintiffs argue that Crete Carrier's points system cannot be seen as a remedial measure because it would not have made the accident with Mr. Jensen less likely to occur. The court is not persuaded by this argument, because the function of the points system is intended to

make drivers more cautious and, potentially, to remove drivers from the road. (See Divito Dep. 55:19–24 (noting that drivers are reviewed as points are added).) The Tenth Circuit has previously upheld the exclusion of evidence about an employee's termination as a subsequent remedial measure. See Hull, 812 F.2d at 587.

As the court has previously noted, the company's conclusions that led to the assignment of points—namely, that Mr. Beale failed to yield, and that the accident was preventable—are admissible. But introducing evidence of the point system would violate the purposes behind Rule 407 by encouraging driving companies to refrain from adopting similar safety measures in an attempt to avoid liability.

The court notes that Rule 407 does permit evidence of subsequent remedial measures for impeachment purposes. If the Plaintiffs believe that they may introduce evidence of the points assigned to Mr. Beale for impeachment purposes, they should first make that argument outside the presence of the jury.

## IX. General Points

As the court noted in its preliminary ruling, this final ruling is without prejudice to either party's argument that the opposing party has opened the door to evidence that would otherwise be excluded.

## ORDER

For the reasons discussed above, the court ORDERS as follows:

1. The Plaintiffs' Motion in Limine to Exclude Evidence of Collateral Sources (ECF No. 53) is GRANTED.

2. The Plaintiffs' Motion in Limine to Exclude Evidence of Unrelated Accidents (ECF No. 54) is GRANTED.

3. The Plaintiffs' Motion in Limine to Exclude Evidence of the Plaintiffs' Lost Salaries or Wages (ECF No. 55) is GRANTED.

4. The Defendants' Motion in Limine to Exclude Evidence of Liability Insurance (ECF No. 56) is GRANTED.

5. The Defendants' Motion in Limine to Exclude Evidence of Previous Accidents (ECF No. 62) is GRANTED.

6. The Defendants' Motion in Limine to Exclude Evidence of Mr. Beale's Citation and Plea in Abeyance (ECF No. 63) is GRANTED.

7. The Defendants' Motion in Limine to Exclude Certain Evidence about Crete Carrier (ECF No. 78) is GRANTED.

DATED this 13th day of November, 2025.

BY THE COURT:

*Tena Campbell*
Tena Campbell
United States District Judge