IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| BRANDON JENSEN and REBECCA JENSEN,<br><br>          Plaintiffs,<br><br>v.<br><br>CRETE CARRIER CORPORATION and MICHAEL BEALE,<br><br>          Defendants. | **MEMORANDUM DECISION AND ORDER DENYING THREE MOTIONS IN LIMINE CONCERNING EXPERT TESTIMONY OF DR. JAY PRZYBYLA**<br><br>Case No. 1:23-cv-00105-TC-JCB<br><br>Judge Tena Campbell<br>Magistrate Judge Jared C. Bennett |

Before the court are three motions in limine concerning the testimony of the Plaintiffs' accident reconstruction expert, Dr. Jay Przybyla. First, Defendants Michael Beale and Crete Carrier Corporation (Crete Carrier) move to exclude seven videos relied on by Dr. Przybyla in his rebuttal report that show semi-truck trailers turning into the Crete Carrier terminal. (ECF No. 57.) Second, the Defendants move to exclude Dr. Przybyla's opinions about the time required for Plaintiff Brandon Jensen to stop his bicycle. (ECF No. 60.) Finally, the Defendants move to exclude Dr. Przybyla's reconstruction simulations on the ground that he made improper assumptions about truck weight. (ECF No. 68.)

**LEGAL STANDARD**

Under Rule 702 of the Federal Rules of Evidence, a "witness who is qualified as an expert by knowledge, skill, experience, training, or education" may offer their opinions at trial if it is more likely than not that "(a) the expert's scientific, technical, or other specialized

1

knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case."

"The proponent of expert testimony bears the burden of showing that the testimony is admissible." Conroy v. Vilsack, 707 F.3d 1163, 1168 (10th Cir. 2013). And the district court performs a gatekeeping function to ensure that expert testimony is both relevant and reliable. Macsenti v. Becker, 237 F.3d 1223, 1233 (10th Cir. 2001). To determine reliability, the court considers whether: 1) the theory has been or can be tested or falsified; 2) the theory or technique has been subject to peer review and publication; 3) there are known or potential rates of error regarding specific techniques; and 4) the theory or approach has general acceptance. Bitler v. A.O. Smith Corp., 400 F.3d 1227, 1233 (10th Cir. 2005) (citing Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 593–94 (1993)); see also Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 141-42 (1999) (extending the Daubert standard to expert testimony based on technical or other specialized knowledge).

## ANALYSIS

The court questioned Dr. Przybyla outside the presence of the jury on the morning of November 12, 2025. The court cautioned the witness to avoid opining on the credibility of Mr. Beale's testimony or the propriety of Mr. Beale's choices,[1] but the court found that the methodology for his accident reconstruction analysis was otherwise reliable. Uncertainties about

---

[1] For instance, Dr. Przybyla's expert report suggests that "Mr. Beale chose the worst option possible" among various scenarios and questions why Mr. Beale would remember a certain "inconsequential" detail about the accident if he did not mention it to any police officers at the time. (Report Jay Przybyla, Ph.D., ECF No. 60-4 at 3, 21.)

bicycle stopping time or the assumptions about truck weight that Dr. Przybyla used to model his simulations went to the weight of the evidence rather than its admissibility and could be adequately examined during cross examination.

The court found that the seven videos showing Crete Carrier trucks turning into the terminal were used in rebuttal to opinions from the Defendants' accident reconstruction expert and were admissible for illustrative purposes. The Defendants' concerns that the trucks were different makes and models and had different loads could be addressed during cross examination.

## ORDER

For the reasons stated on the record after examination of the expert witness, the court ORDERS as follows:

1. The Defendants' Motion in Limine to Exclude Seven Videos (ECF No. 57) is DENIED.

2. The Defendants' Motion in Limine to Exclude Dr. Przybyla's Opinions on the Time Required for Plaintiff Brandon Jensen to Stop (ECF No. 60) is DENIED.

3. The Defendants' Motion in Limine to Exclude Dr. Przybyla's Reconstruction Simulations (ECF No. 68) is DENIED.

DATED this 14th day of November, 2025.

BY THE COURT:

_Tena Campbell_
Tena Campbell
United States District Judge