IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| BRANDON JENSEN and REBECCA JENSEN,<br><br>Plaintiffs,<br><br>v.<br><br>CRETE CARRIER CORPORATION and MICHAEL BEALE,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION IN LIMINE CONCERNING EXPERT TESTIMONY OF LARRY BAAREMAN**<br><br>Case No. 1:23-cv-00105-TC-JCB<br><br>Judge Tena Campbell<br>Magistrate Judge Jared C. Bennett |

Before the court is the Defendants' motion in limine to exclude the testimony of Larry Baareman. (ECF No. 59.) The Plaintiffs designated Mr. Baareman as an expert in traffic reconstruction and transportation. (See Pls.' Expert Designations, ECF No. 59-2 at 2.) For the following reasons, the court denies the motion.

### LEGAL STANDARD

Under Rule 702 of the Federal Rules of Evidence, a "witness who is qualified as an expert by knowledge, skill, experience, training, or education" may offer their opinions at trial if it is more likely than not that "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case."

1

"The proponent of expert testimony bears the burden of showing that the testimony is admissible." Conroy v. Vilsack, 707 F.3d 1163, 1168 (10th Cir. 2013). And the district court performs a gatekeeping function to ensure that expert testimony is both relevant and reliable. Macsenti v. Becker, 237 F.3d 1223, 1233 (10th Cir. 2001). To determine reliability, the court considers whether: 1) the theory has been or can be tested or falsified; 2) the theory or technique has been subject to peer review and publication; 3) there are known or potential rates of error regarding specific techniques; and 4) the theory or approach has general acceptance. Bitler v. A.O. Smith Corp., 400 F.3d 1227, 1233 (10th Cir. 2005) (citing Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 593–94 (1993)); see also Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 141-42 (1999) (extending the Daubert standard to expert testimony based on technical or other specialized knowledge).

**ANALYSIS**

The Defendants maintain that Mr. Baareman's testimony should be excluded because it duplicates other testimony, would be a waste of judicial economy, and consists of conclusory opinions that are not properly within the scope of expert testimony that would aid the trier of fact. But the court disagrees for the reasons stated on the record after the court conducted voir dire of the witness.

The court questioned Mr. Baareman outside the presence of the jury on the morning of November 13, 2025. Mr. Baaremen testified that he had several decades of experience driving trucks and training other truck drivers. As the court noted in its preliminary ruling, "[m]ost jurors do not drive semi-trucks and are not familiar with the Utah Commercial Driver's License Manual." (Prelim. Ruling Mots. Limine, Oct. 31, 2025, ECF No. 125 at 2.) Given Mr. Baareman's qualifications and experience, the court found that Mr. Baareman could properly

offer his opinions about safety considerations while driving a truck, especially concerning left turns and the use of the truck horn during emergency situations.

But the court directed the witness to avoid using the term "right-of-way." The Plaintiffs' accident reconstruction expert, Dr. Jay Przybyla, used this term while testifying on November 12, 2025, and the court instructed the jury to disregard that testimony.

The court recognizes that the Tenth Circuit has previously upheld the admission of expert testimony about the right-of-way. In Frase v. Henry, applying Kansas law, the Tenth Circuit upheld the admission of testimony from an investigating officer who opined that one of the drivers in the accident at issue had failed to yield the right-of-way. 444 F.2d 1228, 1231 (10th Cir. 1971). The court held that the officer's answer "was admissible because it was an aid to the jury insofar as it synthesized the foregoing facts which the jurors unaided could not have synthesized for themselves." Id.

But the Supreme Court of Kansas later overruled contrary authority that that had been decided under the Frase rationale and established this rule: "[I]n an automobile accident negligence case, an expert witness, whether an investigating police officer or other expert, may not state his opinion as to what actions of the parties, if any, contributed to the collision or as to who was at fault in causing the collision." Lollis v. Superior Sales Co. Inc., 580 P.2d 423, 431 (Kan. 1978) (overruling in part Ziegler v. Crofoot, 516 P.2d 954 (Kan. 1973), and Massoni v. State Highway Comm'n, 522 P.2d 973 (1974)).

The Oklahoma Supreme Court adopted a similar rule:

> We agree with the rationale of the Kansas Court, and we are persuaded to adopt the same rule here. Accordingly, we find that the officer's opinion as to appellant's failure to yield right of way should have been excluded not just because it bore on an ultimate issue, but because the conclusion of the officer did not assist the jury in its deliberations. It was not useful since the jury was just as capable of drawing a proper conclusion from those facts as was the officer.

3

Gabus v. Harvey, 678 P.2d 253, 256–57 (Okla. 1984).

It is unclear whether the Utah Supreme Court would adopt exactly the same rule. In Randle v. Allen, the Court found that it was not an abuse of discretion to allow a police officer to testify about which driver involved in an accident had the right-of-way. 862 P.2d 1329, 1337–38 (Utah 1993). But this case does not suggest that such testimony is always admissible. Notably, the officer was not simply an accident reconstruction expert but the investigating officer at the scene of the accident. Id. at 1337. And the determination about right-of-way involved a somewhat unusual situation—namely, that traffic heading south had a stop sign and was required to yield to traffic heading north that was turning obliquely across the lane of traffic to enter an interstate on-ramp. Id. The Court therefore upheld the exclusion of a jury instruction based on a Utah statute now codified at Utah Code Ann. § 41-6a-903.1(1)(a), which states: "The operator of a vehicle … intending to turn to the left shall yield the right-of-way to any vehicle approaching from the opposite direction which is so close to the turning vehicle as to constitute an immediate hazard[.]" Id. at 1336–37.

Here, the application of this statute is more straightforward, and the parties agree that the jury may receive an instruction based on this statute. (See Stip. Jury Instructions, ECF No. 131 at 28.) Whether Defendant Michael Beale should have yielded the right-of-way to Plaintiff Brandon Jensen is really a question about whether Mr. Jensen was "so close to the turning vehicle as to constitute an immediate hazard." But this is a question of fact for the jury. While the court has allowed the parties to present accident reconstruction experts to offer their opinions about timing and distance, any opinions about who had the right-of-way would come perilously close to an opinion on the ultimate issue presented to the jury. See Frase, 444 F.2d at 1231 ("[A]n expert's opinion … is admissible up to the point where an expression of opinion would

4

require the expert to pass upon the weight or credibility of the evidence."). In addition, the application of right-of-way principles to the facts of this case is not so technical or difficult to synthesize that an expert opinion would aid the trier of fact. Accordingly, the court finds that expert witnesses should avoid opining about who had the right-of-way.

**ORDER**

For the reasons stated on the record after examination of the expert witness, the court ORDERS as follows:

1. The Defendants' Motion in Limine to Exclude Testimony from Larry Baareman (ECF No. 59) is DENIED.

2. All expert witnesses should refrain from offering their opinion about whether Mr. Beale or Mr. Jensen had the right-of-way.

DATED this 17th day of November, 2025.

BY THE COURT:

*Tena Campbell*
Tena Campbell
United States District Judge