IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| BRANDON JENSEN and REBECCA JENSEN,<br><br>             Plaintiffs,<br><br>v.<br><br>CRETE CARRIER CORPORATION and MICHAEL BEALE,<br><br>             Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND TERMINATING AS MOOT IN PART THREE MOTIONS IN LIMINE CONCERNING EXPERT TESTIMONY OF ALAN ASAY**<br><br>Case No. 1:23-cv-00105-TC-JCB<br><br>Judge Tena Campbell<br>Magistrate Judge Jared C. Bennett |

      Before the court are three motions in limine concerning the testimony of the Defendants' accident reconstruction expert, Alan Asay. First, Plaintiffs Brandon Jensen and Rebecca Jensen move to exclude speculative testimony about cellphone use. (ECF No. 47.) Second, the Plaintiffs move to exclude certain testimony about the Utah Drivers Handbook. (ECF No. 48.) Finally, the Plaintiffs move to exclude testimony about whether Mr. Jensen's injuries would have been worse if the semi-truck had been moving when he collided with it. (ECF No. 49.)

      In these motions, the Plaintiffs also object to similar testimony from the Defendants' human factors expert, Dr. Jubal Hamernik. But because the Defendants will not call Dr. Hamernik as a witness (see Min. Entry, Nov. 14, 2025, ECF No. 152), the motions as they relate to Dr. Hamernik's testimony are moot.

      The court elected to forego an examination of Mr. Asay outside the presence of the jury

1

after confirming with the parties that his testimony would either avoid the contested topics or would abide by the court's preliminary ruling on those issues. (See Min. Entry, Nov. 17, 2025, ECF No. 159; Prelim. Ruling Mots. Limine, Oct. 31, 2025, ECF No. 125.) Specifically, counsel for the defense noted that Mr. Asay would not opine on the Utah Driver Handbook or discuss whether Mr. Jensen's injuries might have been worse if the truck had been moving. The court agrees that such testimony would not be appropriate and finds that its preliminary ruling stands. (See ECF No. 125 at 2.) The jurors may evaluate the guidance provided by the Utah Driver Handbook without the aid of an expert. And any speculation about what might have happened to Mr. Jensen had he hit a moving truck is not the product of reliable principles and methods. See Fed. R. Evid. 702.

Finally, the court found that Mr. Asay could testify that he believed Mr. Jensen must have been distracted based on his accident simulation but should avoid speculation that Mr. Jensen's cell phone was the source of the distraction. The jurors may decide whether Mr. Jensen was using a cell phone based on the other evidence presented in the case and expert testimony would not aid the trier of fact on this issue.

**ORDER**

For the reasons stated above, the court ORDERS as follows:

1. The Plaintiff's Motion in Limine to Exclude Speculative Evidence about Cellphone Use (ECF No. 47) is GRANTED IN PART as it relates to the testimony of Mr. Asay and TERMINATED AS MOOT IN PART as it relates to the testimony of Dr. Hamernik.

2. The Plaintiff's Motion in Limine to Exclude Certain Opinions Related to the Utah Driver Handbook (ECF No. 48) is GRANTED IN PART as it relates to the testimony of Mr. Asay and TERMINATED AS MOOT IN PART as it relates to the testimony of Dr. Hamernik.

3. The Plaintiff's Motion in Limine to Exclude Speculative Evidence of What May Have Happened to Brandon Jensen if Defendant Michael Beale Did Not Stop and Block Mr. Jensen's Lane of Travel (ECF No. 49) is GRANTED IN PART as it relates to the testimony of Mr. Asay and TERMINATED AS MOOT IN PART as it relates to the testimony of Dr. Hamernik.

DATED this 18th day of November, 2025.

BY THE COURT:

_____
Tena Campbell
United States District Judge